J-S17014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEITH ALLEN EBERT, | |
| Appellant | No. 2361 EDA 2016 |

Appeal from the PCRA Order of June 22, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004816-2012

BEFORE:  OLSON, STABILE AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                      **FILED APRIL 12, 2017**

Appellant, Keith Allen Ebert, appeals *pro se* from the order entered on June 22, 2016, dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On June 5, 2013, a jury convicted Appellant of two counts of driving under the influence (DUI).  Thereafter, the trial court found Appellant guilty of careless driving and disorderly conduct.  On July 5, 2013, the trial court sentenced Appellant to an aggregate term of one year and 45 days to five years and 45 days of imprisonment.  We affirmed Appellant's judgment of sentence on October 24, 2014.  ***See Commonwealth v. Ebert***, 108 A.3d

122 (Pa. Super. 2014) (unpublished memorandum). Appellant did not appeal that determination.

On December 3, 2014, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel who eventually filed a "no-merit" letter and motion to withdraw comporting with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted PCRA counsel's motion to withdraw as counsel. On July 1, 2015, the PCRA court denied Appellant's first PCRA petition without an evidentiary hearing. We affirmed the denial of relief on May 6, 2016. **See Commonwealth v. Ebert**, 151 A.3d 1138 (Pa. Super. 2016). Again, Appellant did not appeal our determination.

On May 17, 2016, Appellant filed the current *pro se* PCRA petition. On May 25, 2016, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant responded. On June 22, 2016, the PCRA court filed an order dismissing Appellant's PCRA petition as untimely, not subject to an exception. This timely *pro se* appeal resulted.[1]

---

[1] Appellant filed a *pro se* notice of appeal on July 18, 2016. On July 21, 2016, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on July 29, 2016. On September 14, 2016, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a), relying largely upon its rationale in its May 25, 2016 Rule 907 notice and June 22, 2016 order denying relief.

On appeal, Appellant presents the following issues *pro se* for our review:

1. Did the PCRA court err when it denied and dismissed [Appellant's] petition as untimely filed and [thereby depriving the court of] jurisdiction to hear the petition?

2. Did trial counsel's failure in not requesting the discovery of all chemical tests and related data under Vehicle Code 1547(g), and in not investigating for sources of errors[, constitute] ineffective assistance of counsel?

3. Did the trial court and/or the prosecution violate the **Brady**[2] rule for failing to disclose to [Appellant] all evidence under its control or possession under Pa.R.Crim.P. 573(B)(1)(a)?

4. [Was trial counsel ineffective for failing to challenge Appellant's blood alcohol content (BAC) at the time of arrest?]

5. Did the sentencing court abuse its discretion in deviating from the sentencing guidelines in that the judge[']s reason was [based upon the] recommendation from the District Attorney, which was unreasonable?

Appellant's Brief at 8 (complete capitalization omitted).

Our standard of review is clear:

In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record. However,

---

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

- 3 -

this Court reviews the PCRA court's legal conclusions *de novo.*

We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. The right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence.

\*             \*             \*

Before we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court.  Pennsylvania law makes clear that when a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition.  The period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended. This is to accord finality to the collateral review process. However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met.

The PCRA provides, in relevant part, as follows.

## § 9545. Jurisdiction and proceedings

\*             \*             \*

(b) Time for filing petition.—

(1)    Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> 42 Pa.C.S.A. § 9545(b).

***Commonwealth v. Miller***, 102 A.3d 988, 992–993 (Pa. Super. 2014) (original quotations, brackets, and most citations omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Here, we affirmed Appellant's judgment of sentence on October 24, 2014. Thereafter, Appellant had 30 days to file a petition for allowance of appeal to our Supreme Court, but did not. ***See*** Pa.R.A.P. 1113(a). Thus, Appellant's judgment of sentence became final on November 24, 2014. As such, Appellant's current PCRA petition, filed on

May 17, 2016, was clearly outside of the PCRA's one-year jurisdictional timing requirement.

In his second and fourth issues presented on appeal, Appellant claims that trial counsel provided ineffective assistance of counsel. Ineffective assistance of counsel is not one of the three exceptions to the PCRA's one-year time bar as set forth above. Moreover, our Supreme Court has consistently held that "a claim for ineffective assistance of counsel does not save an otherwise untimely [PCRA] petition for review on the merits." *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000). We may not reach the merits of these claims.

In his fifth issue presented, Appellant claims the trial court abused its discretion in sentencing Appellant "without considering any extenuating or mitigating circumstances." Appellant's Brief at 13. However, "[r]equests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings." *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007). Accordingly, Appellant's fifth issue is not cognizable under the PCRA and should have been raised on direct appeal. Again, even if Appellant couched his claim in terms of ineffective assistance of counsel, which he does not, such a claim cannot save an otherwise untimely PCRA petition for review. *See Gamboa-Taylor*, 753 A.2d at 785.

In his fourth issue presented, Appellant claims the Commonwealth violated the rule annunciated in *Brady*, by failing to disclose material and exculpatory evidence in its possession. Appellant's Brief at 10, 12. He

suggests that tests showed his blood alcohol concentration (BAC) upon arrest was "0.13%, which changed on his post-arrest BAC test showing 0.16%." *Id.* at 10. Thus, Appellant ostensibly argues that the Commonwealth had additional BAC information available that it withheld from him.

In addressing the viability of a *Brady* claim under the PCRA's governmental interference and unknown facts exceptions, under 42 Pa.C.S.A. §§ 9545(b)(1)(i) and 9545(b)(1)(ii) respectively, our Supreme Court has previously determined:

> Although a *Brady* violation may fall within the governmental interference exception [to the PCRA's one-year time bar], the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. Section 9545(b)(1)(ii)'s exception requires the facts upon which the *Brady* claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence. [Section] 9454(b)(1)(ii)'s exception does not contain the same requirements as a *Brady* claim, noting [our Supreme Court] made clear the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the facts upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence.

*Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (internal citations and quotations omitted). Any PCRA petition invoking an exception to the PCRA's one-year jurisdictional timing requirement "shall be filed within

60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant has not specified the information that the Commonwealth allegedly withheld from him. Moreover, Appellant concedes that he learned the results of BAC testing on or around March 30, 2012. **See** Appellant's Brief at 10. As discussed above, these shortfalls are fatal to Appellant's efforts to invoke claimed exceptions to the PCRA's jurisdictional time-bar. As such, the PCRA court properly determined it lacked jurisdiction to hear Appellant's current claims.

Finally, Appellant contends that he was entitled to an evidentiary hearing on his PCRA petition. "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Springer**, 961 A.2d 1262, 1264 (Pa. Super. 2008) (citations omitted). "A reviewing court must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." **Id.** Having determined there were no genuine issues of material fact, there was no basis for an evidentiary hearing. Hence, Appellant's first issue as presented lacks merit, as well.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2017